UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DANIEL WYGNANSKI, | Case No. 3:23-cv-00667-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DIRECTOR OF THE NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

Plaintiff Daniel Wygnanski brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated in the custody of the Nevada Department of Corrections. (ECF No. 20.) On November 4, 2024, this Court ordered Wygnanski to file an amended complaint by December 4, 2024. (ECF No. 19.) The Court warned Wygnanski that the action could be dismissed if he failed to file an amended complaint by that deadline. (*Id.* at 9.) That deadline expired and Wygnanski did not file an amended complaint, move for an extension, or otherwise respond.

**II.  DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Wygnanski's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Wygnanski files an amended complaint, the only alternative to dismissal is entering a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor

favors dismissal. Accordingly, having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

### III. CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on the plaintiff's failure to file an amended complaint in compliance with this Court's November 4, 2024, order and for failure to state a claim.

It is further ordered that the application to proceed *in forma pauperis* (ECF Nos. 6, 10) is granted. This status does not relieve the plaintiff of his obligation to pay the full $350 filing fee under the statute; it just means that he may do so in installments. And the full $350 filing fee remains due and owing even though this case is being dismissed.

It is further ordered that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Daniel Wygnanski, #65982 (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Daniel Wygnanski wishes to pursue his claims, he must file a complaint in a new case.

The Clerk of Court is further directed to send a copy of this order to (1) the Finance Division of the Clerk's Office and (2) the attention of Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

DATED THIS 6th Day of January 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE